83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kalonji R. JIHAD, Plaintiff-Appellant,
v.
Herbert NEWKIRK,[1] in his official capacity,
and Charles E. Wright, in his individual capacity,
Defendants-Appellees.
 No. 95-1956.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1996.*
Decided April 17, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Kalonji Jihad is an inmate incarcerated at the Maximum Control Complex in Westville, Indiana. In March 1995 he filed a complaint under 42 U.S.C. § 1983 alleging violations of his First, Eighth, and Fourteenth Amendment rights after he was ordered to receive the Mantoux test, an intracutaneous injection that indicates the past or present existence of a tuberculosis infection. Jihad refused, stating that the injection would violate his religious beliefs. The warden, through his subordinates, did not force Jihad to submit to the test, but instead segregated him from the general population into what Jihad describes as a tuberculosis quarantine unit.
 
 
 2
 On April 6 Jihad moved for a preliminary injunction enjoining the warden to release him from quarantine and forbidding him from forcing Jihad to submit to the test. The district court treated the motion as one for a temporary restraining order and denied it, stating that "a review of the record and the accompanying brief shows that the relief sought is unavailable at this point." (Order, April 11, 1995.) Jihad then brought this interlocutory appeal.
 
 
 3
 Jihad reveals in his reply brief that he was released from quarantine on July 21, 1995. Thus his request for release from quarantine is moot. It is also apparent that the warden has never forced Jihad to submit to the tuberculosis test and has never given any indication of intending to force him. Jihad has merely been told to submit to the test. As such, he has completely failed to make the threshold showing of imminent and irreparable harm required for injunctive relief. See Fed.R.Civ.P. 65(b) (standard for temporary restraining order); Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir.1992) (standard for preliminary injunction); 11A Wright, Miller, & Kane, Federal Practice & Procedure: Civil § 2944 (2d ed. 1995).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 During the pendency of this appeal, Herbert Newkirk replaced Charles Wright as Superintendent of the Indiana Maximum Control Complex. Pursuant to Federal Rule of Appellate Procedure 43(c)(1), the court on its own motion substitutes Mr. Newkirk as defendant in the official capacity portion of this action